**Kelly MANN, Plaintiff–Appellant,**

v.

**Dr. Donald CABANA, Superintendent; Earnest Lee, Warden; Willie Winters, Officer; Eric Ford, Officer; "Unknown" Shivers, Lieutenant; Christopher B. Epps, Commissioner, Mississippi Department of Corrections, Defendants–Appellees.**

No. 05–61196
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2006.

Kelly Mann, Carthage, MS, pro se.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: \*

Kelly Mann, Mississippi prisoner # 82723, moves this court for leave to proceed in forma pauperis (IFP) on appeal

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

following the district court's dismissal with prejudice of his pro se and IFP civil rights complaint. The district court dismissed the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (g). We construe Mann's motion as a challenge to the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997). A dismissal for failure to state a claim is reviewed de novo. *Black v. Warren,* 134 F.3d 732, 734 (5th Cir.1998). The complaint should not be dismissed unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Mann's brief is noncompliant with Rule 28(a)(9) because he fails to provide any argument relative to the issues that he identifies in his brief. *See* FED. R.APP. P. 28(a)(9); *Grant v. Cuellar,* 59 F.3d 523, 524 & n. 2 (5th Cir.1995). Mann's brief provides only a restatement of his issues. *See Grant,* 59 F.3d at 524 & n. 2 (5th Cir.1995).

Accordingly, Mann has failed to present a nonfrivolous issue for appeal. His motion for IFP is denied, and the appeal is dismissed as frivolous. *See Baugh,* 117 F.3d at 202 n. 24; 5TH CIR. R. 42.2. The district court's dismissal of Mann's complaint and this court's dismissal of his appeal count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir.1996). We caution Mann that if he accumulates three strikes, he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

MOTION FOR IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.